# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## LORA H. REINBOLD,
*Plaintiff-Appellant,*

v.

## ALASKA AIRLINES, INC., et al.,
*Defendants-Appellees.*

**Case No.: 25-901**
**On Appeal from the United States District Court for the District of Alaska**
**District Court Case No. 3:23-cv-00087-MMS**

**APPELLANT'S OPENING BRIEF**

**Lora H. Reinbold**
*Pro Se Plaintiff-Appellant*
17217 Yellowstone Drive
Eagle River, Alaska 99577
aklora@outlook.com

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Appellant Lora H. Reinbold is an individual and not a corporation.

/s/ Lora H. Reinbold
Lora H. Reinbold
Pro Se Appellant
DATED: March 24, 2025

**TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT......................................................i

TABLE OF CONTENTS………………………………………………….……….ii

TABLE OF AUTHORITIES......................................................................iv

JURISDICTIONAL STATEMENT........................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW...............................2

STATEMENT OF THE CASE................................................................3

    A. Factual Background.....................................................................3
    B. Procedural History.....................................................................7

SUMMARY OF ARGUMENT.............................................................9

STANDARD OF REVIEW..................................................................12

ARGUMENT.......................................................................................14

    A. The Magistrate Judge Abused His Discretion by Denying Leave to
    Amend……………………………………………………………………14

        1. The Liberal Amendment Standard Under Rule 15(a)..................14
        2. Appellant's Diligent Efforts to Comply with Court
           Requirements…………………………………………………...15
        3. First Opportunity to Amend After Comprehensive Guidance....16
        4. Procedural Inconsistency Following Reassignment....................18

    B. The Magistrate Judge Failed to View Facts in the Light Most Favorable
    to Appellant.................................................................................19

        1. The Requirement to Accept Well-Pleaded Allegations as
           True…………………………………………………………………19
        2. Magistrate's Improper Assessment of Appellant's Evidence......20
        3. Failure to Properly Apply the Correct Legal Standard................23
        4. Failure to Properly Analyze State Action Allegations.................25

C. The Magistrate Judge Improperly Mischaracterized Appellant's Rule 46 Objection..................................................................................28

    1.  Distinction Between Rule 46 Objections and Rule 77(k) Motions.............................................................................28
    2.  Prejudicial Effect of Applying the Wrong Standard......................29

D. Procedural Irregularities Deprived Appellant of Constitutional Protections............................................................................31

    1.  Midstream Reassignment to a Magistrate Judge...........................31
    2.  Lack of Article III Supervision.....................................33
    3.  Harmful Error IIED Intentional Infliction of Emotional Distress and Defamation Claims by not applying evidence……………......….…35

CONCLUSION...............................................................................36

PRAYER FOR RELIEF.....................................................................37

STATEMENT OF RELATED CASES..................................................39

CERTIFICATE OF COMPLIANCE....................................................40

CERTIFICATE OF SERVICE............................................................41

ADDENDUM.................................................................................42

iii

# TABLE OF AUTHORITIES

**Cases**

*Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970) ..................................................................................................26

*Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911 (9th Cir. 2003) ...............13, 32

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ...............................13, 19, 20, 24

*Ashker v. Newsom*, 968 F.3d 975 (2020) .......................................................33

*Bateman v. U.S. Postal Service*, 231 F.3d 1220 (9th Cir. 2000) ...........................31

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................13, 20, 23, 24

*Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 289, 121 S. Ct. 924, 926, 148 L. Ed. 2d 807 (2001) ....................................................27

*Broughton v. Cutter Laboratories*, 622 F.2d 458 (9th Cir. 1980) ....................14, 16

*Burton v. Wilmington Parking Authority*, 365 U.S. 715, 725 (1961) ......................27

*Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336 (9th Cir. 1996) .............................25

*Caviness v. Horizon Community Learning Center*, Inc., 590 F.3d 806 (2010) .......13

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ..................................................................................................12

*Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ......17

*Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013) .................................15

*Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010) .............20

*Dennis v. Sparks*, 449 U.S. 24 (1980) ...........................................................26

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) ........................................18

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003 ......12, 14, 17

*Foman v. Davis*, 371 U.S. 178, 182 (1962) .............................................13, 14, 20, 24

*Garaux v. Pulley*, 739 F.2d 437 (9th Cir. 1984) ....................................................35

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) .......................................................13

*Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ..............................................13

*Howard v. Albert C. Kobayashi, Inc.*, 19 Fed.Appx. 709 (2001) ...........................15

*Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351, 95 S. Ct. 449, 453, 42 L. Ed. 2d 477 (1974) ..................................................................................................27

*Jacobsen v. Filler*, 790 F.2d 1362 (9th Cir. 1986) ...............................................35

*Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017) ...........................13

*Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ..........................................14

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982) ......................................26

*Mathis v. Pacific Gas & Elec. Co.*, 891 F.2d 1429 (9th Cir. 1989). ......................28

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ......19

*Milkovich v Lorain Jornal Co.*, 497 US. 1, 110 S.Ct. 2695, 111 Led. 2d 1 (1990). ..................................................................................................36

*Montes v. United States*, 37 F.3d 1347, 1350 (9th Cir. 1994) ................................1

*New York Times v Sullivan*, 376 US 254 (1964) .......................................................36
*Noll v. Carlson*, 809 F.2d 1446 (9th Cir. 1987) ................................................18, 22
*Olivetti v City & Borough of Juneau* 272 P3d 11137 1143 Alaska (2007).............36
*Owens v. Kaiser Found. Health Plan*, Inc., 244 F.3d 708, 712 (9th Cir. 2001) .....14
*Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003) ...32, 33
*Stern v. Marshall*, 564 U.S. 462, 482-483 (2011) .....................................................32
*Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 (9th Cir. 2012). ................................28
*United States v. Price*, 383 U.S. 787, 794, 86 S.Ct. 1152, 1156, 16 L.Ed.2d 267 (1966) ..................................................................................................................26

## Statutes

28 U.S.C. § 1291 ...........................................................................................................1
28 U.S.C. § 1331 ...........................................................................................................1
28 U.S.C. § 1343(a)(3) ..............................................................................................1, 43
28 U.S.C. § 636(c)................................................................................................... 32-35
42 U.S.C. § 1983 ....................................... 1, 2, 4, 10, 12, 22, 24-26, 33, 37

## Rules

D. Alaska Local Civil Rule 7.3(h)(1) .........................................................................29
Federal Rule of Appellate Procedure 4(a)(1)(A)................................................2, 36
Federal Rule of Civil Procedure 15(a) ................................2, 10, 14, 17, 37, 38, 42
Federal Rule of Civil Procedure 46................................. 3, 9, 11, 28-30, 35, 37, 42
Federal Rule of Civil Procedure 73(b) ...................................................32, 33, 34
Federal Rule of Civil Procedure 77(k) ......................3, 9, 11, 28, 29, 30, 34, 37, 42
Federal Rule of Evidence 201 ...............................................................................20, 23

## Constitutional Provisions

U.S. Constitution, Article III............................................ 3, 8, 11, 12, 31-35, 38, 43

v

**JURISDICTIONAL STATEMENT**

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, which grants the courts of appeals jurisdiction over "appeals from all final decisions of the district courts of the United States." The Magistrate Judge's order dismissing this case (ER 4, Docket 73, November 26, 2024) and subsequent final order denying Appellant's objections (ER 2, docket 78, January 8, 2025) constitute final judgments that disposed of all claims against all parties. See *Montes v. United States*, 37 F.3d 1347, 1350 (9th Cir. 1994) (establishing that dismissal with prejudice is a final decision for purposes of appellate jurisdiction).

The United States District Court for the District of Alaska had original jurisdiction under 28 U.S.C. § 1331 (federal question) because Appellant's claims arise under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983, which provides a cause of action for deprivation of constitutional rights under color of state law. The district court also had jurisdiction under 28 U.S.C. § 1343(a)(3), which expressly grants federal courts original jurisdiction over civil actions "to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens."

1

Appellant timely filed a Notice of Appeal on (ER 1) February 7, 2025, which was within the 30-day period required by Federal Rule of Appellate Procedure 4(a)(1)(A). This notice of appeal was filed within 30 days of the Magistrate Judge's final order (ER 2) of January 8, 2025, and is therefore timely. Accordingly, this Court has proper jurisdiction to hear and decide this appeal.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.      Whether the Magistrate Judge made a legal error, in concluding Alaska Airlines was not a state actor under 42 U.S.C. § 1983, (ER 4 page 14) despite substantial evidence, establishing Alaska Airlines was aggressively *enforcing* a state mask mandate, at municipal and state-owned airport facilities, meeting the requirement for state action tests, recognized by both the Supreme Court and Ninth Circuit.

2.      Whether the Magistrate Judge erred in denying Appellant's motion for leave to file a Third Amended Complaint, by failing to apply the liberal amendment standard, under Federal Rule of Civil Procedure 15(a), particularly in light of Appellant's pro se status.

3.      Whether the Magistrate Judge erred by failing to construe the facts in the light most favorable to Appellant as the non-moving party, when evaluating the sufficiency of the Third Amended Complaint.

2

4.      Whether the Magistrate Judge improperly mischaracterized Appellant's timely Rule 46 objection (ER 3, Docket 77) as a Rule 77(k) motion for reconsideration, thereby applying an incorrect legal standard and prejudicing Appellant's case.

5.      Whether procedural irregularities, including the reassignment of the case from a District Judge to a Magistrate Judge midway through the proceedings, deprived Appellant of her constitutional right under Article III to have her case heard by an Article III judge.

## STATEMENT OF THE CASE

### A.      Factual Background

Appellant Lora H. Reinbold, an Alaska State Senator at the relevant time, brings this action against Alaska Airlines and related defendants following her ban from the airline on April 23, 2021. The ban occurred during the COVID-19 pandemic when mask mandates were in effect at federal and state levels.

Appellant alleges that her ban from Alaska Airlines was not due to mask non-compliance but rather was politically motivated retaliation for her public opposition to COVID-19 restrictions. Appellant had a valid medical exemption from mask requirements (ER 9 page 112, Docket 62-4) which she contends Alaska Airlines refused to honor, despite such exemptions being permitted under both federal and state mandates. Reinbold complied to demands of flight instructions onboard the

flights, even if it was against the medical advice of her doctor, because she was constitutionally required to be in Juneau.

Crucially, Appellant alleges that Alaska Airlines was acting as a state actor when enforcing mask mandates at the Juneau Airport and at the Ted Stevens International Airport (a state-owned facility) in Alaska, thus making their actions subject to constitutional scrutiny under 42 U.S.C. § 1983. Evidence supporting this contention includes Governor Dunleavy's mask mandate for state buildings (including state airports) issued on July 22, 2020 (ER 9 page 113), which explicitly required masking in all state facilities including Ted Stevens International Airport. Additionally, the federal mask mandate issued by President Biden (ER 9 page 115-122) explicitly allowed for medical exemptions like Appellant's, yet Alaska Airlines disregarded the allowable exemptions and denied all reasonable accommodations repeatedly, when aggressively enforcing the state and federal mask policies, within the municipal and state-owned facilities. (ER 15 page 219-23). According to authorities, a clear shield would have been a reasonable accommodation, reasonable accommodations such as ones listed for port authorities (ER 9 page 124), were repeatedly denied to Reinbold, when she respectfully requested them.

Appellant alleges that Alaska Airlines employee Troy Michael Wyuts- Smith targeted and harassed her, potentially falsifying records, in a coordinated effort to get Senator Reinbold banned from the airline. This is strongly supported by video

4

evidence (Docket 62-2, video Exhibit forthcoming) showing Appellant was wearing a mask during the relevant time periods, contradicting the airline's stated reason for the ban. After Appellant filed this lawsuit, Mr. Smith was dismissed by Alaska Airlines, further suggesting impropriety in the original ban. It is important to note there were no flight attendant mask issues with Reinbold on the flight whatsoever. Appellant believes the nearly yearlong ban was illegitimate and done in bad faith. During her extensive travel on Alaska Airlines, Reinbold never got a yellow card warning, nor a yellow card which proves Alaska Airlines statements were false and done with malice.

The magistrate incorrectly stated Reinbold failed to allege with specificity which statements were made with malice (ER 4 page 14). However, Reinbold had repeatedly plead with specificity. One example was the CNN article published on April 27, 2021 that stated an FAA spokesperson said they were "looking into an incident" involving a state lawmaker, who Alaska Airlines said refused to "wear a mask on their flights." (ER 14 page 214) The evidence presented in the all the complaints, is in direct contrast to the statements made by Alaska Airlines to the FAA, which shows a reckless disregard for the truth, establishing malice.

Further, if Alaska Airline statements made to the FAA that Reinbold "refused to wear a mask on their flights," yet she traveled numerous times, defendants would have been in violation of the Biden Executive order and subject to the FAA "zero

tolerance" mask policy, and ripe for FAA penalties. Alaska Airlines statements to the FAA, remain a genuine issue of factual dispute, that should have prevented the dismissal of the case.

Alaska Airlines banning a Senator from flying on their airline received extensive national and international media coverage, causing Appellant significant harm, and defamation, to both her personal and professional reputation which are well documented in the Second Amended complaint exhibits. Alaska Airlines did not offer a way to appeal their decision, they had made behind closed doors, rather they took more aggressive action and extended the ban on April 30, 2021, to remain in effect indefinitely, causing Senator distress.

The extensive travel ban severely impacted Senator Reinbold's ability to travel to/from the state capital to perform her legislative duties. Appellant was forced to travel through Canada or take extensive trips from Juneau to Bellingham via a bi-monthly ferry, then a road trip to Seattle, and take a flight back to/from Anchorage via Seattle, by another carrier, to fulfill her obligations to be in the State Capital to tend to legislative duties. Alaska Airlines enjoys a monopoly between Anchorage and the State Capital of Juneau during legislative sessions. In 2021, legislators were in session roughly 300 days. The flight ban on the only carrier providing commercial service between her hometown of Anchorage and Juneau impacted her ability to tend to her legislative duties.

One example of the many negative impacts when Reinbold faced due to the ban is she and her husband were forced to travel for days, in life threatening severe weather with-40 below temperatures, in blizzard conditions, though Alaska and Canada, to be Juneau for session in January of 2022, instead of the 90-minute flight.

**B.      Procedural History**

The record shows that Appellant initiated this action pro se on April 21, 2023, in the United States District Court for the District of Alaska. The case was initially assigned to District Judge Joshua Kindred, who provided the first comprehensive order addressing the deficiencies in Appellant's pleadings on February 12, 2024 (ER 12, page 129-165, Docket 59, pp. 1-37).

The procedural timeline includes:

- April 21, 2023: Original Complaint filed

- August 22, 2023: Order permitting amendment ( ER 16, p. 225)

- September 20, 2023: Second Amended Complaint (SAC Docket 49)

- October 26, 2023:Appellant's response opposing Motion to Dismiss (ER 13, Docket 53)

- February 12, 2024: Judge Kindred's comprehensive order identifying issues with the complaints (ER 12, Docket 59, pp. 1-37)

7

- March 5, 2024: Appellant notified court of pending trial where she was a defendant in a social media case 3AN-21-0615 and need for an extension due to her trial in March 2024 (ER 11, Docket 60, pp. 1-2)

- March 12, 2024: Judge Kindred instructs plaintiff how to file extension to file amended complaint using local rule 7.3 j (ER 10, Docket 61)

- April 16, 2024: Motion for Leave to file Third Amended Complaint (TAC) with supporting exhibits (ER 9, Docket 62)

- July 22, 2024: Order reassigning case to Magistrate Judge Scoble (Docket 70)

- August 7, 2024: Appellant files case summary for new magistrate (ER 5, Docket 71)

- November 26, 2024: Magistrate order dismissed case (ER 4,Docket 73)

- January 8, 2025: Magistrate Judge's final order denying Appellant's objections (ER 2, docket 78)

Of particular note is the mid-proceedings reassignment from an Article III judge to a Magistrate Judge on July 22, 2024 (Docket 70), after substantial proceedings had already occurred before District Judge Kindred. The front office clerk had assured Appellant that "Judge Gleason would always have oversight," if Reinbold did not object to the re-assignment, but this oversight did not materialize following the reassignment.

Following the reassignment, without any hearings, Magistrate Judge Scoble unexpectedly issued a Motion to Dismiss order on November 26, 2024 (ER 4, Docket 73), dismissing the case. Appellant was out of state at this time, and only a hard copy of the order, was sent by mail to her home. The first time Reinbold had seen the MTD order, was when Alaska Airlines emailed her a courtesy copy on December 9, 2024. Appellant had no time to process the order dispensing of the case, before the status report was due on December 10th. Reinbold requested one week of additional time to respond, to this unexpected order she had barely received. However, Magistrate Judge Scoble abruptly denied this basic request, that should be afforded to any litigant, especially a pro se litigant, and proceeded to immediately close the case on December 12th. Appellants objected to the order using rule 46, on December 16th 2024 (ER 3).

In Docket 77 (pp. 1-3), Appellant clearly noted on page 1, that she was filing objections based on Rule 46 (ER 3). Despite this explicit designation, on January 8, 2025 (ER 2), the Magistrate Judge incorrectly characterized Appellant's Rule 46 objection as a Rule 77(k) motion for reconsideration, denied it and notified Reinbold of her right to appeal to the 9th circuit. (ER 2)

## SUMMARY OF ARGUMENT

This appeal presents five primary issues of law and constitutional significance. First and foremost, the Magistrate Judge made a fundamental legal

9

error when concluding Alaska Airlines was not a state actor under 42 U.S.C. § 1983. (ER 4 page 14) This determination ignored substantial evidence establishing that Alaska Airlines was enforcing state mask mandates at a state-owned facility, which satisfies multiple state action tests recognized by the Supreme Court and Ninth Circuit, including the "joint action" test and the "nexus/entwinement" test. This error was particularly prejudicial as it formed the basis for dismissing Appellant's constitutional claims.

Second, the Magistrate Judge erred in denying Appellant leave to file her Third Amended Complaint, by misapplying the liberal amendment standard, required under Federal Rule of Civil Procedure 15(a) and established Ninth Circuit precedent. This error is particularly egregious given Appellant's pro se status, which entitles her to additional leniency in pleading requirements. The record demonstrates that Appellant repeatedly attempted to cure deficiencies, as they were identified by the court, consistent with the policy favoring resolution of cases on their merits. The Magistrate further compounded this error by denying Appellant the basic courtesy of adequate time to respond to the unexpected MTD order, when she was out of state.

Third, the Magistrate Judge failed to view the facts in the light most favorable to Appellant as the non-moving party—a fundamental error that permeated his analysis. Instead of accepting Appellant's well-pleaded factual allegations as true, the Magistrate Judge improperly questioned the validity of substantial exhibits and

10

drew adverse inferences against Appellant. Inferences from these exhibits directly resulted in the Magistrate Judge's ruling. This approach directly contradicts established precedent, requiring courts to accept all factual allegations, as true, and construe them in the light most favorable to the plaintiff, when ruling on motions to dismiss.

Fourth, the Magistrate Judge improperly mischaracterized Appellant's Rule 46 objection (ER 3, Docket 77) as a Rule 77(k) motion for reconsideration. In doing so, the Magistrate applied the wrong legal standard to Appellant's objections, prejudicing her ability to obtain proper review of the Magistrate's earlier rulings. This mischaracterization of Appellant's clearly labeled Rule 46 objection, represents a fundamental procedural error, that tainted the entire proceedings before the Magistrate. The mischaracterization of Appellant's objections denied her the procedural protections of Rule 46.

Fifth, procedural irregularities, including the mid-proceedings reassignment from an Article III judge to a Magistrate Judge without adequate oversight by a District Judge, raise serious constitutional concerns regarding Appellant's right to have her case heard by an Article III judge. The Supreme Court has repeatedly emphasized the importance of litigants' rights to have their cases heard by judges with the protections of Article III, particularly in cases involving significant constitutional questions. While Appellant did not formally object to the

11

reassignment at the time, this was due to lack of understanding regarding both the reassignment's significance and the procedures for objecting to magistrate jurisdiction. The reassignment to a Magistrate Judge with no oversight by a federal judge – which was promised by the clerk if she did not object- deprived Appellant Reinbold of her constitutional right to have her case overseen by an Article III judge.

Each of these errors not only constitutes reversible error in its own right but also resulted in concrete prejudice to Appellant. The erroneous conclusion that Alaska Airlines was not a state actor deprived Appellant of her day in court on her constitutional claims. The denial of leave to amend prevented Appellant from curing any deficiencies in her pleadings. The failure to view evidence in the light most favorable to Appellant resulted in premature dismissal of the meritorious claims.

## STANDARD OF REVIEW

A district court's denial of a motion for leave to amend a complaint is reviewed for abuse of discretion. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("district court's denial of leave to amend the complaint is reviewed for an abuse of discretion"). However, the district court's discretion is particularly limited when denying leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review

12

that the complaint could not be saved by amendment"). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962).

The legal sufficiency of a complaint is reviewed de novo. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). When reviewing a motion to dismiss, the court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Ninth Circuit has consistently held that courts must liberally construe pro se filings, particularly in civil rights cases. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Questions regarding the assignment of cases to magistrate judges and the scope of magistrate judge authority present legal questions that are reviewed de novo. *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 915 (9th Cir. 2003).

The determination of whether a private entity is a state actor for purposes of § 1983 liability is a question of law reviewed de novo. This determination requires careful consideration of the relationship between the private entity and the state, as well as the specific context in which the challenged action occurred. *Caviness v. Horizon Community Learning Center*, Inc., 590 F.3d 806 (2010).

13

## ARGUMENT

## A. The Magistrate Judge Abused His Discretion by Denying Leave to Amend

### 1. The Liberal Amendment Standard Under Rule 15(a)

Under Federal Rule of Civil Procedure 15(a), leave to amend should be "freely give[n] when justice so requires." The Supreme Court has instructed that this mandate "is to be heeded" and that denial of leave to amend without justification is "inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has repeatedly emphasized that this policy favoring amendment is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) *quoting Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

This liberal amendment standard is even more pronounced when the plaintiff proceeds pro se. In *Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th Cir.1980), the Ninth Trail held that a pro se litigant must be given leave to amend his or her complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."

The Ninth Circuit has consistently held that a complaint should not be dismissed without leave to amend unless it is *absolutely clear* that no additional facts could cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980). If there

is any plausible way to amend the complaint to state a claim, then the district court's futility determination was premature and should be reversed. See *Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013)

Similarly, in *Howard v. Albert C. Kobayashi, Inc.*, 19 Fed.Appx. 709 (2001), the court emphasized that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."

## 2. Appellant's Diligent Efforts to Comply with Court Requirements

The Magistrate Judge's denial of leave to amend after the court gave specific issues to address for the first time on (ER 12) February 12, 2024, constitutes an abuse of discretion, because it fails to recognize Appellant's diligent efforts to comply with court requirements. Contrary to the Magistrate's conclusion that there was a flagrant failure to adhere local rules (some which had been waived), the record demonstrates that Appellant made good-faith efforts, to correct deficiencies, once they were identified.

- Upon receiving Judge Kindred's comprehensive order on February 12, 2024 (ER 12, Docket 59), Appellant promptly notified the court of a scheduling conflict, due to her pending social media trial, she sought appropriate extensions. (ER 11, Docket 60)

15

- The court recognized initially these efforts, and the fact that Reinbold had her social media trial to tend to March of 2024: case 3AN-21-05615CI. Appellant was told how to request an extension on March 12, 2024 (ER 10, Docket 61) using local rule 7.3 j.

- Appellant subsequently filed a properly supported Motion for Leave, with accompanying affidavits (ER 7,8) with the Third Amended Complaint on April 16, 2024 (ER 9, Docket 62), including substantial exhibits addressing the deficiencies recently identified by the court.

This timeline demonstrates Appellant's commitment to remedying any deficiencies in her pleadings. The Ninth Circuit has held that "a district court should not dismiss a pro se complaint without leaving time to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th Cir.1980). Rather than evaluating the case on the merits and viewing the evidence most favorably to the non-moving party, the magistrate cast doubt on the evidence, which violate to the rules of evidence. (ER 4 page 15)

### 3. First Opportunity to Amend After Comprehensive Guidance

The Magistrate Judge's denial of leave to amend is particularly troubling, because it denied Appellant her first meaningful opportunity to amend her complaint, after receiving comprehensive guidance from the court. (ER 4 page 14)

16

While technically styled as a Third Amended Complaint submitted April 16, 2024, Judge Kindred had not informed Appellant of what the specific deficiencies were or how to correct them, until ruling on the motion to dismiss the Second Amended Complaint, on February 12, 2024. Therefore, this amendment was the first to follow Judge Kindred's detailed order identifying specific deficiencies (ER 12, Docket 59).

The Ninth Circuit has consistently held that "dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital*, 316 F.3d at 1052. In *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011), the Ninth Circuit reversed the district court's denial of leave to amend, explaining that amendment should not have been denied on futility grounds where the plaintiff had pled sufficient facts to support a claim. The court emphasized that denying leave to amend based on a "technical pleading error" would contravene the liberal amendment policy of Rule 15(a), as amendment would not have prejudiced the defendants and would have allowed the case to be decided on the merits. *Id.*

The Magistrate Judge's denial effectively prevented Appellant from incorporating the guidance provided by Judge Kindred's February 12, 2024 order (ER12, Docket 59)—the first comprehensive order addressing the complaint's deficiencies. This denial runs counter to the "great liberality" with which courts

17

should grant leave to amend, particularly to pro se litigants. *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).

### 4. Procedural Inconsistency Following Reassignment

The Magistrate Judge's denial of leave to amend conflicts with Judge Kindred's leniency in an earlier order, granting Defendants' Alaska Air a motion for leave, to file an overlength opposition (Docket 67), which created a procedural inconsistency, that unfairly prejudiced Appellant. This inconsistency is particularly troubling given the mid-proceedings reassignment to a Magistrate Judge.

Moreover, the Magistrate Judge denied Appellant the basic courtesy of adequate time to respond to his November 26, 2024 MTD order (ER 4, Docket 73). Because Appellant was out of state and had not seen the unexpected order, she simply asked the court for an additional week, to process the order and provide input. However, the Magistrate swiftly denied her reasonable request and proceeded to close the case immediately. This denial of a modest extension, demonstrates a lack of the fundamental fairness required in judicial proceedings, particularly for pro se litigants.

The Ninth Circuit has recognized that "a pro se litigant should be given a reasonable opportunity to remedy the defects in his pleadings." *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The procedural inconsistency following

reassignment and the denial of reasonable accommodation denied Appellant this reasonable opportunity, contrary to well-established precedent.

The denial of leave to amend was particularly prejudicial, because Appellant's proposed Third Amended Complaint contained substantial new evidence, supporting her claims, including evidence establishing Alaska Airlines' role as a state actor, while enforcing the mask policy in state and local airports, while they denied the legally allowable reasonable accommodations, in that same policy.

Had the Magistrate Judge properly applied the liberal amendment standard, Appellant would have been able to present her claims, with the benefit of this additional evidence, likely leading to a different outcome based on the legal merits.

## B.     The Magistrate Judge Failed to View Facts in the Light Most Favorable to Appellant

### 1.     The Requirement to Accept Well-Pleaded Allegations as True

A fundamental error permeating the Magistrate Judge's analysis was his failure to construe facts, in the light most favorable to Appellant, as the non-moving party. This standard is bedrock civil procedure, required at both the motion to dismiss and summary judgment stages. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The Ninth Circuit has consistently held that courts must "accept as true all well-pleaded allegations of material fact and construe them in the light most

19

favorable to the non-moving party." *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Instead of applying this well-established legal standard, the Magistrate Judge erroneously relied on *Foman v. Davis* and Federal Rule of Evidence 201 as a basis to question and cast doubt on Appellant's evidence. On page 5 of 17 in his order dismissing the case (ER4, Docket 73), the Magistrate Judge improperly questioned the authenticity of Appellant's evidence rather than accepting it as true for purposes of the motion. The magistrate outrageously stated the matters/exhibits were "not directly relevant" and he speculated that the evidence "may be open to dispute." Yet he failed to identify any judicially facts contradicting the evidence. (ER 4 page 15) This approach directly contravenes the landmark precedent, requiring courts to view all facts and evidence, in the light most favorable to the non-moving party.

### 2. Magistrate's Improper Assessment of Appellant's Evidence

Instead of adhering to the required standard of viewing evidence, in the light most favorable to Appellant, the Magistrate Judge improperly questioned the authenticity and relevance of Appellant's exhibits, many of which were government-issued documents. The Magistrate's approach directly contradicts the Supreme Court's mandate in *Twombly* and *Iqbal* that courts must accept all well-pleaded factual allegations, as true, for purposes of evaluating motions to dismiss.

Specifically, in Docket 73 (pp. 8-12, November 26, 2024), the Magistrate Judge cast doubt on exhibits by questioning their authenticity:

1.　　The Third Amended Complaint Exhibit 2 (thumb drive forthcoming) contained police recordings from April 22, 2021 (ER 4, Docket 73) despite Appellant's assertion that they were official records obtained directly from law enforcement. Appellant contends she provided explanation and overlayed voice recording from the airport that day, when Troy threatened to cancel her ticket if she "did not put a mask on." The video clearly shows Reinbold was wearing a mask when Alaska Airlines employee, Troy, threatened to cancel the ticket. The video also explains what Reinbold believed to be going on, during the aggressive encounters by Alaska Airlines employees on April 22, 2021 at the airport. This recording provides crucial evidence, that Appellant was wearing a mask during the relevant time periods, directly contradicting Alaska Airlines' stated reason for the ban, and subsequent FAA investigation that was initiated, due to their assertions the lawmaker "refused to wear a mask." A copy of the FAA investigation, that was reported to CNN, has been requested. Due to Alaska Airlines comments relayed to the FAA, there has been broad negative speculation of what really occurred on April 22, 2021. The public deserves an honest disclosure of the facts by the Defendants. (ER 14 page 214).

21

Excerpt of Record 9-page 113 features Governor Dunleavy's mask order, in state buildings, on official state letterhead. The order is critical to establishing state action for Appellant's § 1983 claims, yet the Magistrate Judge failed to give this evidence appropriate weight in his order (ER 4, Docket 73). This exhibit definitively shows that mask mandates were mandated in state-owned buildings, including state owned Ted Stevens International Airport where Alaska Airlines was enforcing the mandate which substantiate the 1983 claim.

The Ninth Circuit has emphasized that before dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies and an opportunity to cure. *Noll v. Carlson*, 809 F.2d 1446 (1987). The Magistrate Judge failed to adhere to these principles, instead substituting his own skeptical assessment of Appellant's evidence for the required favorable construction.

3.　　The Magistrate Judge improperly dismissed the relevance (ER 4 page 15) of multiple government-issued documents (ER 9, pages 112-124) that supported Appellant's claims regarding mask mandates, medical exemptions which were included in President Biden's federal mask mandate (ER 6, pages 115-122) that  allowed for medical exemptions such as Appellant's (ER 9, page 112).

22

The Magistrate Judge's orders (ER 4, Dockets 73, and ER 2 and Docket 78) repeatedly cast doubt on Appellant's exhibits and claims, effectively calling her credibility into question, rather than accepting her well-pleaded factual allegations, as true, for purposes of evaluating the legal sufficiency of her claims. Instead of evaluating whether the complaint stated a valid legal claim, assuming all facts alleged were true, the Magistrate improperly engaged in a premature credibility assessment, effectively converting the motion to dismiss standard into something akin to a summary judgment standard, without the procedural protections required for summary judgment.

This approach directly contravenes the Supreme Court's instruction that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007 (internal quotations and citations omitted). Yet the Magistrate Judge did exactly that by questioning the validity of Appellant's exhibits as the nonmoving party, rather than viewing them as favorably, as precedent demands.

### 3.    Failure to Properly Apply the Correct Legal Standard

The Magistrate Judge committed a reversible error, by failing to apply the correct legal standard, when evaluating Appellant's claims and evidence. In his order, dismissing the case (ER 4, p. 14), the Magistrate Judge improperly relied on

23

*Foman v. Davis* and Federal Rule of Evidence 201, rather than the controlling precedent, requiring courts to view all facts and evidence, in the light most favorable to the non-moving party.

The proper standard, as established by the Supreme Court in *Iqbal* and *Twombly* and consistently applied by the Ninth Circuit, requires that:

> 1. All factual allegations in the complaint must be accepted as true;
>
> 2. All reasonable inferences must be drawn in favor of the plaintiff;
>
> 3. The court must construe the complaint in the light most favorable to the plaintiff; and
>
> 4. The court must determine whether the complaint states a plausible claim for relief, not whether the allegations are likely to be proven.

The Magistrate Judge's failure to apply this standard and instead questioning the authenticity and credibility of Appellant's evidence constitutes reversible error.

This error was particularly prejudicial, in the context of evaluating Appellant's § 1983 claims, which hinged on the determination of Alaska Airlines as a state actor by aggressively enforcing the mask mandates in local airports. By improperly questioning the authenticity and relevance of Appellant's evidence, rather than accepting it as true, the Magistrate Judge deprived Appellant of the opportunity to have her claims evaluated under the proper legal standard. Had the Magistrate Judge properly applied the motion to dismiss standard, Appellant's

24

substantial evidence regarding Alaska Airlines' enforcement of state mask mandates, at a state-owned facility, would have been accepted as true, likely leading to a different outcome on her § 1983 claims.

As the Ninth Circuit held in *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336 (9th Cir. 1996), "[a] complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." If evidence and statements had been viewed as true, the case would not have been dismissed, which should be reversed by the Ninth Circuit.

### 4. Failure to Properly Analyze State Action Allegations

Of particular importance, the Magistrate Judge made a legal error when he concluded Alaska Airlines was not a state actor under 42 U.S.C. § 1983. (ER 4, Docket 73). This error repeated the earlier misunderstanding found in Judge Kindred's order (ER 12, Docket 59). The Magistrate Judge failed to properly consider the state action allegations necessary for Appellant's § 1983 claims. Appellant provided substantial evidence that Alaska Airlines was enforcing state mask mandates at state-owned Ted Stevens International Airport (ER 11 page 128, and ER 9 page 113), establishing the "close nexus" required for state action under multiple established tests.

The Supreme Court has recognized several tests for determining when a private entity's actions constitute state action. Under the "joint action" test, private actors become state actors when they are "willful participant[s] in joint action with the state or its agents." *Dennis v. Sparks*, 449 U.S. 24 (1980). Further, "[p]rivate persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions." *Id. citing Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970); *United States v. Price*, 383 U.S. 787, 794, 86 S.Ct. 1152, 1156, 16 L.Ed.2d 267 (1966).

Alaska Airlines was clearly a willful participant in joint action with the state by: (1) enforcing Governor Dunleavy's state mask mandate at a state-owned facility; (2) operating within this state-owned facility to implement state policy; and (3) acting alone or coordinating with state officials for enforcement purposes.

Alaska Airlines was not merely following policies on its aircraft, but were actively enforcing a mask mandate, promulgated by the state, in a state-owned airport rather than relying solely on law enforcement to do so. When a private entity enforces government regulations, in a manner that restricts individual rights, courts have found state action. See *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982). Here, Alaska Airlines' enforcement of a state-imposed mandate directly aligns with the joint action framework.

Alaska Airlines' presence and operations within a state-owned facility further reinforce its entanglement with government action. Courts have found that private entities operating within state-controlled spaces may be considered state actors if they engage in government-directed *enforcement* actions. See *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 725 (1961) (holding that a private restaurant leasing space in a publicly owned building was subject to the Fourteenth Amendment). By implementing state policies in a government-owned airport, Alaska Airlines arguably functioned as an instrumentality of the state. Additionally, under the "nexus/entwinement" test, a private entity acts as the state when "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351, 95 S. Ct. 449, 453, 42 L. Ed. 2d 477 (1974). The Ninth Circuit has specifically recognized that private entities may be considered state actors when they are "entwined with governmental policies" or when "government is entwined in [their] management or control." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 289, 121 S. Ct. 924, 926, 148 L. Ed. 2d 807 (2001). This entwinement is precisely what existed between Alaska Airlines and the state through: (1) enforcement of the Governor's explicit mask mandate in state facilities; (2) utilizing state property

27

(airport) as the venue for enforcement; and (3) the symbiotic relationship between airline operations and state airport facilities.

The Ninth Circuit has applied these principles in *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 (9th Cir. 2012), finding that private security officers could be state actors when they coordinate with state officials in joint action. Similarly, in *Mathis v. Pacific Gas & Elec. Co.*, 891 F.2d 1429 (9th Cir. 1989), the court held that private entities performing functions delegated by the state can be considered state actors.

The Magistrate Judge's failure to properly analyze these state action tests in light of Appellant's substantial evidence constitutes reversible error. The evidence presented by Appellant, if properly viewed in the light most favorable to her, as required at the motion to dismiss stage, clearly establishes a plausible claim that Alaska Airlines was acting as a state actor when it banned Appellant, for they would not have banned an MVP gold loyal customer without state action. The enforcement of state mask mandates, at a state-owned facility, in coordination with state officials, is precisely the type of "joint action" and "entwinement" that courts have recognized as sufficient, to establish state action.

By failing to view these allegations in the light most favorable to Appellant, the Magistrate Judge effectively imposed a heightened pleading standard not required by law.

28

**C.     The Magistrate Judge Improperly Mischaracterized Appellant's Rule 46 Objection**

### 1.     Distinction Between Rule 46 Objections and Rule 77(k) Motions

The record clearly shows that Appellant filed proper objections to the Magistrate Judge's rulings pursuant to Federal Rule of Civil Procedure 46, which states that "a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection." This rule explicitly provides that "[f]ailing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made."

In Docket 77 (ER 3), Appellant clearly noted on page 1 that she was filing objections based on Rule 46. Despite this explicit designation, the Magistrate Judge, in his final order, on January 8, 2025, he incorrectly characterized this filing as a Rule 77(k) motion for reconsideration. (ER 3, Docket 77).

The distinction between these two procedural mechanisms is significant. Rule 46 establishes a general right to object to a court's ruling, preserving issues for appeal without the heightened standards associated with motions for reconsideration. Rule 77(k), in contrast, governs reconsideration motions, which require a showing of "manifest error" or "new facts or legal authority that could not have been brought to [the court's] attention earlier with reasonable diligence." D. Alaska Local Civil Rule 7.3(h)(1).

29

## 2. Prejudicial Effect of Applying the Wrong Standard

By misconstruing Appellant's Rule 46 objection (ER 3) as a Rule 77(k) motion for reconsideration, the Magistrate Judge applied the wrong legal standard to evaluate Appellant's arguments. This mischaracterization fundamentally altered the procedural posture of Appellant's filing and prejudiced her case in several ways:

First, it subjected Appellant's objections to a more stringent standard of review than Rule 46 requires, effectively raising the bar for Appellant to obtain relief. Second, it limited the scope of the Magistrate's review to the narrow grounds permitted for reconsideration, rather than conducting the broader review appropriate for objections. Third, it transformed what should have been a routine objection preserving issues for appeal into a discretionary motion that the Magistrate could (and did) summarily deny.

The prejudicial effect of this error cannot be overstated. By applying the wrong legal standard, the Magistrate Judge effectively deprived Appellant of meaningful review of her objections. Under Rule 46, Appellant's objections should have been considered on their merits, without the heightened showing required for reconsideration motions. Instead, by treating the filing as a Rule 77(k) motion, the Magistrate Judge imposed a significantly higher burden that Appellant never should have been required to meet.

30

This error is particularly egregious in the context of a pro se litigant, who is entitled to liberal construction of her filings. The Magistrate Judge's mischaracterization of Appellant's clearly labeled Rule 46 objection reflects a fundamental misunderstanding of the applicable procedural rules and constitutes reversible error.

The Ninth Circuit has recognized that applying the wrong legal standard constitutes reversible error. *Bateman v. U.S. Postal Service*, 231 F.3d 1220 (9th Cir. 2000) ("A district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact").Here, the Magistrate Judge's fundamental misunderstanding of the procedural mechanism invoked by Appellant represents precisely such an error.

**D.  Procedural Irregularities Deprived Appellant of Constitutional Protections**

**1.  Midstream Reassignment to a Magistrate Judge**

The mid-proceedings reassignment from District Judge Kindred to Magistrate Judge Scoble on July 22, 2024 (Docket 70), after substantial proceedings had already occurred, raises serious constitutional concerns regarding Appellant's right to have her case heard by an Article III judge.

Article III of the Constitution vests the judicial power of the United States in judges who enjoy lifetime tenure and protection against salary diminution -

31

protections designed to ensure judicial independence. As the Supreme Court has emphasized, "Article III is 'an inseparable element of the constitutional system of checks and balances'" that "both defines the power and protects the independence of the Judicial Branch." *Stern v. Marshall*, 564 U.S. 462, 482-483 (2011). This constitutional protection exists not merely for the benefit of judges but for litigants who have a right to have their cases heard by judges with the full protections of Article III.

While 28 U.S.C. § 636(c) permits magistrate judges to conduct proceedings and enter final judgments in civil matters with the consent of the parties, the record does not clearly establish that proper consent procedures were followed here. The Supreme Court in *Roell v. Withrow*, 538 U.S. 580 (2003), held that implied consent, may be sufficient to confer magistrate jurisdiction, but stressed that such consent must be clear from the party's actions, and must demonstrate a knowing, and voluntary submission to the magistrate's authority. *Id*. at 590. Furthermore, *Roell* reaffirmed that district courts remain bound by the procedural safeguards of § 636(c)(2) and Federal Rule of Civil Procedure 73(b), which require that parties be informed of their right to withhold consent and that consent be given voluntarily. Id. at 590-91. The Ninth Circuit has likewise emphasized the importance of ensuring that consent to magistrate jurisdiction is knowing and voluntary. See *Anderson v. Woodcreek Venture Ltd*., 351 F.3d 911, 914 (9th Cir. 2003 (recognizing that

32

Congress included robust voluntary consent protections to safeguard litigants' Article III rights). Here, no such clear, voluntary, and fully informed consent is evident in the record. Instead, the circumstances surrounding the mid-proceedings reassignment and statements made to Appellant suggest confusion, that an Article III Judge Gleason, would always oversee the case.

In *Roell v. Withrow*, the Supreme Court noted that inferred consent should be limited to exceptional circumstances. 538 U.S. 580, 591, 123 S. Ct. 1696, 1703, 155 L. Ed. 2d 775 (2003) ("implied consent will be the exception, not the rule, since… district courts remain bound by the procedural requirements of § 636(c)(2) and Federal Rule of Civil Procedure 73(b)"). No such exceptional circumstances exist here. To the contrary, the record reflects confusion and lack of clarity regarding the reassignment and its implications.

### 2.    Lack of Article III Supervision

Moreover, the reassignment occurred without the continued oversight promised by the clerk that "Judge Gleason would always have oversight." This lack of Article III supervision is of concern for the Ninth Circuit, that has emphasized the importance of Article III supervision of magistrate judges. *Ashker v. Newsom*, 968 F.3d 975 (2020). This supervision is necessary to preserve the separation of powers and ensure that Article III courts retain supervisory authority over the process. *Id.*

33

Here, there is no indication that the Magistrate Judge's decisions were subject to the jurisdictional control of an Article III judge.

This lack of Article III oversight is particularly troubling given the constitutional nature of Appellant's claims. Appellant's § 1983 claims against Alaska Airlines raise significant questions regarding the application of constitutional protections, to actions taken by private entities, when enforcing government policies. These constitutional issues deserved the attention of an Article III judge, whose independence is constitutionally protected.

The prejudice resulting from this lack of Article III supervision is evident in the inconsistency between Judge Kindred's approach, which granted Appellant reasonable accommodations, as a pro se litigant, and waived the red line/bracket local rule, yet the Magistrate Judge's approach, which applied a more stringent standard cited failure to local rules including the redlining requirement (ER 4 page 12 & 18). This change in approach, following reassignment, deprived Appellant of the fair and consistent treatment, to which she was entitled, throughout the proceedings.

Furthermore, the Magistrate Judge mischaracterized Appellant's Rule 46 objection (ER 3) as a Rule 77(k) motion for reconsideration, creating additional procedural confusion that prejudiced Appellant's ability to properly present her case. Federal Rule of Civil Procedure 46 explicitly states that "failing to object does not

prejudice a party, who had no opportunity to do so, when the ruling or order was made." By mischaracterizing Appellant's objection, the Magistrate Judge effectively denied her the procedural protections afforded by Rule 46.

The Ninth Circuit has recognized that pro se litigants must be given clear notice of procedural requirements that could affect their ability to prosecute or defend their case. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (holding that courts must ensure pro se litigants do not lose their rights due to ignorance of procedural rules); *Garaux v. Pulley*, 739 F.2d 437, 439-40 (9th Cir. 1984) (noting that highly technical requirements should not unfairly deprive pro se litigants of a fair hearing). The midstream reassignment exacerbated this procedural confusion, depriving her of a fair opportunity to assert her right to an Article III judge.

**3.      Harmful Error IIED Intentional Infliction of Emotional Distress and Defamation Claims by not applying evidence**

Finally, the magistrate failed to properly evaluate the defamation & IIED claims against defendant Alaska Airlines by stating there was not specificity. In contrast, the complaint had specific statement made publicly by defendant with a reckless disregard for the truth, when they stated to the FAA that lawmaker (Senator Reinbold) "refused to wear a mask on their aircraft." FAA made publics statements about an alleged FAA investigation due to their allegations. Alaska Airlines

35

knowingly and intentionally put forth a false narrative, which resulted in an extensive and ongoing negative media coverage and caused tremendous hostile public responses toward Senator Reinbold that impugned her standing in the community. See *Milkovich v Lorain Jornal Co.*, 497 US. 1, 110 S.Ct. 2695, 111 Led. 2d 1 (1990) (ER 9 page 99 ); *New York Times v Sullivan*, 376 US 254 (1964) (ER 9 page 98); *Olivetti v City & Borough of Juneau* 272 P3d 11137 1143 Alaska (2007) (ER 9 page 100). Key evidence/exhibits provide a sampling of the harmful impacts of Alaska Airlines' actions have caused, which substantiate Reinbold claims of IIED and defamation. (Docket 49-6, 49-9, 49-11, 49-17, and 49-21)

The magistrate made a harmful error when he failed to properly evaluate the previous exhibits or the new evidence, when he dismissed the IIED and defamation claims as "futile." The magistrate remarkably stated, "this court does not take notice of exhibits 2-17 for the purpose of determining whether further amendment would be futile." (ER 4 page 14). This rogue standard he applied, ignoring the evidence, as he dismissed the complaint, not only violated the rules of evidence, but it also defies precedent which has set in the higher courts, to view facts in most favorable of the nonmoving party. The harmful error needs to be reversed by the Ninth Circuit.

## CONCLUSION

The Magistrate Judge's legal error in analyzing Alaska Airlines' status as a state actor; the abuse of discretion by the failure to use the liberal amendment

36

standard under Rule 15(a); the magistrate refusing to analyze the evidence; the failure to view facts in the light most favorable to the plaintiff when the complaint was dismissed; the prejudicial effects of applying the wrong standards to a motion with the mischaracterization of Appellant's Rule 46 objection; the procedural irregularities stemming from the reassignment to a magistrate judge; constituted reversible errors. Due to the failure to adhere United States Supreme Court and Ninth circuit precedent, the high court is urged to address the dismissive actions of the magistrate judge. Appellant Reinbold has elevated this case to the 9th circuit Court of Appeals, asserting her right to have her claims properly adjudicated.

## PRAYER FOR RELIEF

For the foregoing reasons, Appellant respectfully requests that this Court:

1. Reverse the Magistrate Judge's November 26, 2024 order dismissing this case & January 8, 2025 order denying Appellant's objections;

2. Hold that the Magistrate Judge made a legal error in concluding Alaska Airlines was not a state actor under 42 U.S.C. § 1983;

3. Vacate the denial of Appellant's motion for leave to file a Third Amended Complaint;

4. Hold that the Magistrate Judge erred in treating Appellant's Rule 46 objection as a Rule 77(k) motion for reconsideration;

5.      Remand with instructions to grant leave to file the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a); and

6.      Reverse the harmful error of dismissal of the IIED and Defamation

7.      Order future proceedings be conducted before an Article III judge.

Respectfully submitted,

*/s/ Lora H. Reinbold*

Lora H. Reinbold
Pro Se Appellant
DATED: March 24, 2025

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, Appellant Lora H. Reinbold states that she is not aware of any related cases pending in this Court.

/s/ Lora H. Reinbold
Lora H. Reinbold
Pro Se Appellant
DATED: March 24, 2025

## CERTIFICATE OF COMPLIANCE

I certify that:

1. This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B). This brief contains approximately 8,197 words, less than the maximum words allowed, excluding parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type of style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Lora H. Reinbold
Lora H. Reinbold
Pro Se Appellant
DATED: March 24, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2025, I electronically filed the foregoing

with the Clerk of the Court for the United States Court of Appeals for the Ninth

Circuit by using the appellate CM/ECF system.

I certify that I believe defendants lawyers in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system. An email notification of submittal will be sent to:

Robert L. Richmond, Esq. Richmond and Quinn APC
360 K Street, Suite 200 Anchorage, AK 99501
 brichmond@richmondquinn.com; rlindemann@richmondquinn.com

Richard G. Grotch
Jetstream Legal APC
80 Cabrillo Highway North Suite Q-325 Half Moon Bay, CA 94019
rgrotch@jetstreamlegal.com

/s/ Lora H. Reinbold
Lora H. Reinbold
Pro Se Appellant
DATED: March 24, 2025

41

## ADDENDUM

Pursuant to Ninth Circuit Rule 28-2.7, the following statutory and regulatory provisions are set forth verbatim:

Federal Rule of Civil Procedure 15(a)(2): "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Federal Rule of Civil Procedure 46: "A formal exception to a ruling or order is unnecessary. When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection. Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made."

Federal Rule of Civil Procedure 77(k) (D. Alaska Local Rule): "A party may file a motion for reconsideration of a ruling by a magistrate judge on a dispositive matter... A motion for reconsideration must demonstrate: (A) manifest error of fact; (B) manifest error of law; or (C) newly discovered evidence..."

28 U.S.C. § 1343(a)(3): "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: ... (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of

42

the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

42 U.S.C. § 1983: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..."

U.S. Constitution, Article III, Section 1: "The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behavior, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office."